UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Charles J. Davis, | ) | C/A No. 8:24-cv-6410-JDA-WSB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Smith, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |

     Charles J. Davis ("Petitioner"), proceeding *pro se*, brings this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is an inmate in the custody of the South Carolina Department of Corrections ("SCDC") and is presently confined at the Kershaw Correctional Institution. ECF No. 1 at 1. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons below, this action is subject to summary dismissal.

## BACKGROUND

**Procedural History**

     Petitioner commenced this action by filing a Petition for writ of habeas corpus on the standard form seeking relief pursuant to 28 U.S.C. § 2254 on November 7, 2024.[1] ECF No. 1.

---

[1] A prisoner's pleading is deemed filed at the moment it is delivered to prison authorities for forwarding to the District Court. *See Houston v. Lack*, 487 U.S. 266, 270–76 (1988). Here, the envelope containing the Petition is stamped as having been received on November 7, 2024, by the mail room at the Ridgeland Correctional Institution. ECF No. 1-2. Petitioner is presently confined at Kershaw Correctional Institution and not Ridgeland. Further, Petitioner's name does not appear on the envelop, which bears the name of another inmate. The Petition is dated

On November 18, 2024, the undersigned entered a Report and Recommendation, recommending that the district court dismiss this action as time barred based on the applicable statute of limitations. ECF No. 7. Petitioner filed Objections to the Report and Recommendation on December 9, 2024. ECF No. 14. By Order dated May 1, 2025, the Honorable Jacquelyn D. Austin declined to adopt the Report and Recommendation and recommitted the matter to the undersigned for further evaluation as follows:

> In recommending summary dismissal on the basis that the Petition is time barred, the Magistrate Judge concluded that Petitioners allegations regarding whether the statute of limitations should be tolled based on mental incapacity were insufficient to justify service of the Petition. In his objections to the Report, Petitioner purports to explain why his mental incapacity justifies equitable tolling in light of *Justus v. Clarke*, 78 F.4th 97, 114 (4th Cir. 2023) ([F]ederal courts will apply equitable tolling because of a petitioners mental [condition] only in cases of profound mental incapacity. . . . In the habeas context, we hold that a petitioners mental impairment is sufficiently profound if it renders him unable to comply with the filing deadline.). The Court therefore recommits this matter to the Magistrate Judge so that he may consider these additional allegations in determining whether the pro se Petitioner has adequately alleged entitlement to equitable tolling and whether the case should be served.

ECF No. 15 (citations to the record omitted).

By Order dated May 5, 2025, the Court directed Petitioner to "file a supporting memorandum, along with any relevant supporting documents, to provide the Court with facts and argument concerning the timeliness of this Petition that Petitioner contends would provide a basis for the application of equitable tolling." ECF No. 18 at 6. Petitioner was warned that, if he "fail[ed] to submit such information or fail[ed] to provide a sufficient basis from the application

---

November 7, 2024, which is the same date stamped on the envelope. ECF No. 1 at 15. Accordingly, November 7, 2024, is the date of filing.

of equitable tolling, the Court will recommend to the district court that the case be dismissed."

*Id*. The Court further explained to Petitioner as follows:

> Here, although Petitioner has alleged that he suffers from a mental illness, he has not offered any evidence like that found in *Justus* to support his argument that his mental condition prevented him from filing a timely habeas petition. Indeed, there is no evidence in the records from Petitioner's underlying state court criminal and PCR actions that Petitioner had a mental illness or that any such mental illness would bear on his competency to stand trial or impact his ability to defend himself or litigate his claims. Thus, the present case is distinguishable from *Justus*, and Petitioner has failed to demonstrate that he is entitled to equitable tolling for the reasons identified in *Justus*. *See, e.g., Love v. Edmunds*, C/A No. 3:23-cv-635-DJN, 2024 WL 1916692, at *4 (E.D. Va. May 1, 2024) (evaluating similar allegations to those in this case in light of *Justus* and finding the petitioner failed to support his assertion that he was entitled to equitable tolling with evidence), *appeal dismissed*, No. 24-6521, 2024 WL 4678451 (4th Cir. Nov. 5, 2024); *Chandler v. Clarke*, C/A No. 3:22-cv-123-DJN, 2024 WL 1623103, at *2 (E.D. Va. Apr. 15, 2024) (same). Unlike in *Justus*, nothing in the record shows that Petitioner's alleged mental condition had any impact on his underlying conviction or his collateral state court proceedings. Nothing in the record shows that Petitioner's alleged mental condition prevented him from filing a habeas corpus action in this Court within the applicable statute of limitations. Finally, nothing in the record establishes that Petitioner pursued his rights diligently between September 28, 2020, when the limitations period began to run after the judgment in Petitioner's first PCR action became final, and November 7, 2024, when Petitioner filed this action, or that Petitioner could not diligently pursue his rights because of mental incompetence. Petitioner's cursory assertion that he suffers from a mental condition, without any supporting evidence or any indication how the alleged mental condition had any bearing on Petitioner's underlying state court proceedings or the present federal court proceedings, are insufficient to show the type of "extraordinary circumstances" discussed in *Justus*. Accordingly, Petitioner has not established grounds for equitable tolling.

*Id*. at 4–5.

On June 2, 2025, Petitioner filed a Declaration in support of equitable tolling. ECF No. 20. On June 6, 2025, the Court issued a Text Order, directing as follows:

> The Court has received Petitioner's Declaration (ECF No. 20) in response to the Court's Order dated May 5, 2025 (ECF No. 18). WITHIN TWENTY-ONE (21) DAYS of this Order, Petitioner is directed to file any additional supporting affidavits, declarations, memoranda, or documentary evidence, to include medical and mental health records, concerning the issue of timeliness of the filing of this Petition that Petitioner contends would provide a basis for the application of equitable tolling. Petitioner is given one FINAL opportunity to provide additional supporting information and evidence after which the undersigned will make a recommendation to the District Court.

ECF No. 22. Petitioner's response was due by June 27, 2025. However, Petitioner did not file a response to that Text Order.

**Allegations from the Petition**

Petitioner makes the following allegations in the Petition. ECF No. 1. Petitioner alleges he was sentenced on June 9, 2014, in the Florence County Court of General Sessions at case number 2013-GS-21-1345, to a term of imprisonment of 24 years for the crimes of armed robbery, first-degree burglary, attempted murder, and possession of a weapon during the commission of a violent crime. *Id.* at 1. Petitioner contends he filed an appeal, which was dismissed by the South Carolina Court of Appeals on December 17, 2014. *Id.* at 2. Petitioner then filed an application for post-conviction relief ("PCR") in the Florence County Court of Common Pleas at case number 2015-cp-21-0578, which was dismissed. *Id.* at 3. Petitioner alleges he filed another PCR application in the Florence County Court of Common Pleas on July 5, 2023, at case number 2023-cp-21-1570, which was also dismissed. *Id.* at 4. As to his grounds, Petitioner asserts the following, quoted verbatim:

4

GROUND ONE:    Rule 203

*Supporting Facts*:    Rule 203

GROUND TWO:    N/A

*Supporting Facts*:    N/A

GROUND THREE:    6th & 14th counsel was ineffective failure request mental examination.

*Supporting Facts*:    Counsel was ineffective assistance of counsel failure to investigate.

*Id.* at 5–12. As to the question on the standard form regarding the timeliness of the Petition, Petitioner asserts as follows:

> Petitioner was incompeten[t] at the time of his guilty plea and the Petitioner was actual[ly] innocent of the crime and counsel advise[d] the Petitioner [to] plea[d] guilty.

*Id.* at 13. For his relief, Petitioner asks for a new trial. *Id.* at 15.

**State Court Procedural History**

By way of background, the following is a summary of the procedural history from Petitioner's state court cases relevant to the Petition filed in this case.[2]

In the order of dismissal in Petitioner's first PCR action, the PCR court summarized Petitioner's conviction and sentence as follows:

> In October 2013, the Florence County Grand Jury indicted [Petitioner] in two separate, multi-count indictments for armed robbery, first-degree burglary, attempted murder, and possession of a weapon during commission of a violent crime (2013-GS-21-

---

[2] The Court takes judicial notice of Petitioner's state court proceedings including the original criminal proceedings, his applications for post-conviction relief, and his appeals from those actions. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

> 1091, -1345). The charges arose from two separate, unrelated incidents. In case -1091, [Petitioner] and several codefendants attempted to rob a local drug dealer. The second case was a gang-related hit on a witness who was preparing to testify against a ranking gang member. . . . On June 9, 2014, [Petitioner] pleaded guilty to attempted murder from indictment -1345 before the Honorable William H. Seals, Jr. Pursuant to the State's recommendation of a cap of twenty-five years, Judge Seals sentenced [Petitioner] to imprisonment for twenty-four years. The remaining charges from both indictments were dismissed in return for his guilty plea.

*See Davis v. South Carolina*, No. 2015-cp-21-00578, Order of Dismissal, available at the Florence County Twelfth Judicial Circuit Public Index https://publicindex.sccourts.org/ Florence/PublicIndex/PISearch.aspx (search by case number "2015cp2100578"). Petitioner filed an appeal from his conviction and sentence on June 23, 2014, in the South Carolina Court of Appeals at case number 2014-001369. *See South Carolina v. Davis*, No. 2014-001369, available at https://ctrack.sccourts.org/public/caseSearch.do (search by Appellate Case No. "2014-001369"). The South Carolina Court of Appeals entered an order dismissing the appeal on December 17, 2014, and issued a remittitur on January 6, 2015. *Id*.

Petitioner filed a PCR application on February 23, 2015, in the Florence County Court of Common Pleas at case number 2015-cp-21-00578. *See Davis v. South Carolina*, No. 2015-cp-21-00578, available at the Florence County Twelfth Judicial Circuit Public Index https://publicindex.sccourts.org/Florence/PublicIndex/PISearch.aspx (search by case number "2015cp2100578"). On October 18, 2018, the PCR court entered an order of dismissal, denying Petitioner's PCR application and dismissing it with prejudice. *Id*. Petitioner filed an appeal on November 21, 2018, at case number 2018-002066 in the South Carolina Supreme Court, which transferred the matter to the South Carolina Court of Appeals by Order dated October 14, 2019. *See Davis v. South Carolina*, No. 2018-002066, available at https://ctrack.sccourts.org/

public/caseSearch.do (search by Appellate Case No. "2018-002066"). On August 21, 2020, the South Carolina Court of Appeals entered an order denying the petition for writ of certiorari and issued a remittitur on September 25, 2020. *Id*. The remittitur was entered on the PCR court docket on September 28, 2020.

Petitioner then filed a second PCR application on July 5, 2023, in the Florence County Court of Common Pleas. *See Davis v. South Carolina*, No. 2023-cp-21-1570, available at the Florence County Twelfth Judicial Circuit Public Index https://publicindex.sccourts.org/ Florence/PublicIndex/PISearch.aspx (search by case number 2023cp2101570). On February 29, 2024, the PCR Court entered a final order of dismissal, dismissing the case as untimely, barred by the statute of limitations, successive to Petitioner's prior PCR application, and for failure to comply with the Uniform Post-Conviction Procedures Act. *Id*. Petitioner filed an appeal on April 26, 2024, in the South Carolina Supreme Court at case number 2024-000682. *See Davis v. South Carolina*, No. 2024-000682, available at https://ctrack.sccourts.org/public/caseSearch.do (search by Appellate Case No. "2024-000682"). The South Carolina Supreme Court entered an order dismissing the appeal on June 20, 2024, and issued a remittitur on July 8, 2024. *Id*. The remittitur was entered on the PCR court docket on July 10, 2024.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim*

*v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012). Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Because Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

**The Petition is Time Barred**

This action is subject to summary dismissal because the Petition is untimely under the applicable statute of limitations. Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under § 2254, a federal court may issue a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

However, habeas actions are subject to a statute of limitations. Under AEDPA, a petitioner has one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). The statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir. 2001).

Although the limitations period is tolled during the pendency of a properly filed collateral attack on the subject conviction, the one-year statute of limitations begins to run on the date a petitioner's conviction becomes final, not at the end of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000); *see also Myers v. Warden of McCormick Corr. Inst.*, C/A No. 1:11-cv-450-TLW-SVH, 2011 WL 7143471, at *8 (D.S.C. Nov. 28, 2011) (evaluating when a conviction becomes final under South Carolina law), *R&R adopted by* 2012 WL 359733 (D.S.C. Feb. 2, 2012). In South Carolina, if a defendant files a direct appeal and his conviction is

affirmed, as in the present case, the conviction becomes final 90 days after the final ruling of the

South Carolina Supreme Court. *See Myers*, 2011 WL 7143471, at * 8.

A federal court may raise the issue of the timeliness of a habeas petition sua sponte. *Hill*

*v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). As the Fourth Circuit has noted,

> A district court has the discretion, but not the obligation, to
> consider on its own motion the timeliness of a habeas petition
> under AEDPA if (1) the parties have fair notice and an opportunity
> to be heard; (2) the state has not waived the limitations defense; (3)
> the "petitioner is not significantly prejudiced by the delayed focus
> on the limitation issue"; and (4) the court "determine[s] whether
> the interests of justice would be better served by addressing the
> merits or by dismissing the petition as time barred."

*Gray v. Branker*, 529 F.3d 220, 241 (4th Cir. 2008) (alteration in original) (quoting *Day v.*

*McDonough*, 547 U.S. 198, 209–11 (2006)). Once a court has raised the issue, it "must accord

the parties fair notice and an opportunity to present their positions" on the issue.[3] *Day*, 547 U.S.

at 210.

Here, it appears from the face of the Petition and the publicly available state court records

that the present action is time barred. Petitioner was sentenced on June 9, 2014, after pleading

guilty. Because Petitioner filed a direct appeal, his conviction became final on April 6, 2015, 90

days after the remittitur was issued by the South Carolina Court of Appeals on January 6, 2015.

*See* Rule 203(b)(2), SCACR; *Crawley*, 257 F.3d at 398. Thus, the AEDPA's one-year statute of

limitations began to run on that date and would expire on April 6, 2016, unless the time was

tolled.

---

[3] Petitioner's right to file objections to this Report and Recommendation can constitute
his opportunity to object to a dismissal of his Petition based on the statute of limitations. *See*
*Hill*, 277 F.3d at 707; *Bilal v. North Carolina*, 287 F. App'x 241, 248–49 (4th Cir. 2008).
Additionally, Petitioner has had multiple opportunities to present his arguments and evidence,
including in his objections to the First Report and Recommendation and in response to the
Court's Orders dated May 5, and June 6, 2025. ECF Nos. 18; 22.

Petitioner filed his first PCR application in the Florence County Court of Common Pleas on February 23, 2015. When Petitioner filed his PCR application, no days of non-tolled time had lapsed because he filed his PCR action prior to the date that his conviction became final. Thus, Petitioner had the full 365 days of non-tolled time remaining within which to timely file a federal habeas petition following the conclusion of the state court proceedings on his PCR application.

The PCR Court entered its order of dismissal on October 18, 2018. Petitioner filed an appeal, and the South Carolina Court of Appeals dismissed the appeal by order dated August 21, 2020, and the remittitur was entered on the PCR docket on September 28, 2020. The judgment in Petitioner's first PCR action became final at that time. *See Smith v. Warden of Perry Corr. Inst.*, C/A No. 8:18-cv-2841-RMG, 2019 WL 1768322, at *2 (D.S.C. Apr. 22, 2019) ("The tolling period ends when the final state appellate decision affirming denial of the application is filed in the state circuit court."). Thus, the one-year statute of limitations began to run on September 28, 2020.[4]

Petitioner had 365 days of non-tolled time remaining, or until September 28, 2021, to file a federal habeas action. Petitioner did not file the instant habeas action until November 7, 2024, which is 1,136 days—more than 3 years and 1 month—after the expiration of the statute of limitations. Accordingly, the Petition is barred by the applicable one-year limitations period and

---

[4] The Court notes that Petitioner filed a second PCR action. However, that second PCR application, which was dismissed as time-barred and successive, does not demonstrate that Petitioner was diligently pursuing his rights. The statute of limitations was not tolled as a result of Petitioner's second PCR action because it does not constitute a properly filed collateral attack on his conviction and sentence. *See Sanders v. Warden of Allendale Corr. Inst.*, C/A No. 2:17-cv-01819-HMH-MGB, 2018 WL 4090627, at *4 (D.S.C. Aug. 28, 2018) (noting that "AEDPA provides that only a 'properly filed' PCR action tolls the statute of limitations" once a conviction becomes final).

11

should be dismissed.  The undersigned further finds that the interests of justice would not be better served by addressing the merits of the Petition.

**Petitioner is not Entitled to Tolling**

In Petitioner's Objections to the first Report and Recommendation he asserted that the Court should apply equitable tolling.  ECF No. 14.  This matter was recommitted for consideration of whether Petitioner can adequately support a basis for the tolling of the limitations period.  ECF No. 15.  Thereafter, Petitioner filed a Declaration in support of his argument concerning equitable tolling.  ECF No. 20.  Upon review, Petitioner's submissions are insufficient to demonstrate that the Court should toll the applicable statute of limitations.

"To establish grounds for equitable tolling, a petitioner must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Justus v. Clarke*, 78 F.4th 97 (4th Cir. 2023) (internal quotation marks omitted).  In the first Report and Recommendation entered on November 18, 2024, the undersigned considered Petitioner's allegation of incompetency in his Petition and whether it should toll the statute of limitations as follows:

> Petitioner alleges that he was incompetent at the time of his guilty plea and that trial counsel failed to request a mental examination. ECF No. 1 at 12–13.  Taking these allegations as an assertion that Petitioner was not competent to stand trial, they go to the merits of Petitioner's claim, which is time-barred.  If the allegations are an assertion that the Court should equitably toll the statute of limitations based on a previous and/or ongoing mental limitation, any such argument is unpersuasive.  A petitioner's "ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).  As explained in the discussion section below, "[e]quitable tolling is only available in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Cannady v. Johnson*, C/A No. 1:10-cv-505, 2010 WL 5300852, at *2 (E.D. Va. Dec. 20, 2010) (citation

omitted). Courts "will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." *Sosa*, 364 F.3d at 513; *see also Long v. Deep Meadow Corr. Ctr.*, C/A No. 3:18-cv-049-JAG, 2018 WL 3427644, at *2 (E.D. Va. July 16, 2018) ("[C]ourts will only apply equitable tolling in instances of 'profound mental incapacity,' such as institutionalization or adjudged mental incompetence."). To be entitled to equitable tolling, a petitioner "must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected [his] ability to file a timely habeas petition." *Robison v. Hinkle*, 610 F. Supp. 2d 533, 539 (E.D. Va. 2009) (alteration in original). "The Court cannot grant equitable tolling based on a conclusory allegation that [a petitioner's] mental illness caused his failure to file on time." *See id.* at 539-40; *see also Miller v. Sallaz*, C/A No. 5:20-cv-661, 2022 WL 4084226, at *3 (S.D.W. Va. Sept. 6, 2022), *appeal dismissed*, No. 22-7180, 2023 WL 4181320 (4th Cir. June 26, 2023); *United States v. Gravely*, C/A No. 4:00-CR-70104-1, 2012 WL 4503160, at *2 (W.D. Va. Sept. 28, 2012) (rejecting tolling based on the petitioner's "unspecified health condition" because he had not "demonstrated how the health condition prevented him from filing his motion for the past nine years"). Here, "Petitioner fails to establish either a sufficient mental condition or a causal nexus between the condition and his failure to timely file this habeas petition." *Scales v. Johnson*, C/A No. 7:10-cv-00057, 2010 WL 2332656, at *2 (W.D. Va. June 9, 2010) (declining to toll statute of limitations in habeas action alleging mental incompetence). Because Petitioner "has not demonstrated that he was mentally incapacitated or that this prevented him from timely filing the instant Petition," Petitioner's "general, unsupported assertions as to his past mental condition do not entitle him to equitable tolling." *Jones v. McFadden*, C/A No. 0:15-cv-1506-RMG-PJG, 2015 WL 13731906, at *4 (D.S.C. Oct. 20, 2015), *R&R adopted by* 2015 WL 7272184 (D.S.C. Nov. 16, 2015).

ECF No. 7 at 2–3, n. 1.

Petitioner made the following assertions in his Objections filed regarding the first Report and Recommendation. ECF No. 14. Petitioner contends that, at the time of his guilty plea, he was incompetent to enter a guilty plea or to stand trial. *Id.* at 1. Petitioner contends he has a history of mental health issues and "there is evidence in [P]etitioner's mental health records that will prove that he was incompetent at the time of entry of plea." *Id.* Petitioner argues that, at the

13

time of his plea, he was housed in the Florence County Detention Center and was "neglected of receiving his mental health medications which is prescribed [because] he suffers mental health issues with E.D. (Emotional Disorder)." *Id*. Petitioner asserts that his mental disability causes "short term attention span and lack of remembrance from one thing to another." *Id*. at 2. According to Petitioner, his mental disability impaired his ability to recognize "the basis for the advantage of collateral remedies" and that, had he had access to mental health medication, he would have taken advantage of his collateral remedies. *Id*. Petitioner contends these issues are sufficient to satisfy the extraordinary circumstances outlined in *Justus*. *Id*.

In his Declaration in support of equitable tolling in response to this Court's Order dated May 5, 2025, Petitioner makes the following assertions. ECF No. 18.

> Since childhood, I have suffered from severe emotional and mental health issues. I grew up emotionally disturbed and lacked access to consistent or effective treatment. These untreated mental health challenges followed me into adulthood and incarceration. At the time of my conviction and throughout my initial period of incarceration, I was never given a proper mental health evaluation, nor was I informed of my legal rights or deadlines. Due to the nature and severity of my mental carload [sic] by the Department of Corrections, confirming impairments, these impairments significantly interfered with my ability to timely prepare or file legal documents. Only after receiving consistent mental health care did I reach a mental state in which I could begin to understand my legal situation and explore my rights. I am now able to pursue this Petition with a clearer mind and the help of legal resources.

*Id*. at 1–3.

In *Justus*, the Fourth Circuit held that a habeas petitioner's serious mental illness may constitute an "extraordinary circumstance" justifying equitable tolling. 78 F.4th 97, 117 (4th Cir. 2023). The petitioner in *Justus* provided "extensive evidence" of his mental illness, including that he was *twice found incompetent to stand trial* and *treatment records* stating that a feature of

14

his mental illness was that "he will frequently reject treatment." *Id.* at 115. Accordingly, the Fourth Circuit found that the petitioner may have lacked the capacity to file a timely habeas petition during those periods of noncompliance. *Id.* at 115–16.

Here, although Petitioner has alleged that he suffers from mental illness, he has not offered any evidence like that found in *Justus* to support his argument that his mental condition prevented him from filing a timely habeas petition. *See Phillips v. Warden of Broad River Corr. Inst.*, C/A No. 1:23-cv-03203-JD, 2024 WL 4276116, at *3 (D.S.C. Sept. 24, 2024). Indeed, there is no evidence in the records from Petitioner's underlying state court criminal and PCR actions that Petitioner had a mental illness or that any such mental illness would bear on his competency to stand trial or impact his ability to defend himself or litigate his claims. Thus, the present case is distinguishable from *Justus*, and Petitioner has failed to demonstrate that he is entitled to equitable tolling for the reasons identified in *Justus*. *See, e.g., Love v. Edmunds*, C/A No. 3:23-cv-635-DJN, 2024 WL 1916692, at *4 (E.D. Va. May 1, 2024) (evaluating similar allegations to those in this case in light of *Justus* and finding the petitioner failed to support his assertion that he was entitled to equitable tolling with evidence), *appeal dismissed*, No. 24-6521, 2024 WL 4678451 (4th Cir. Nov. 5, 2024); *Chandler v. Clarke*, C/A No. 3:22-cv-123-DJN, 2024 WL 1623103, at *2 (E.D. Va. Apr. 15, 2024) (same).

Unlike in *Justus*, Petitioner in this case pled guilty to the charges against him and there is no evidence that his mental competency was ever in question. Neither Petitioner, nor his counsel, raised the issue of mental competency during the underlying criminal proceedings or his state court collateral PCR proceedings. The PCR court carefully evaluated the competency of Petitioner's counsel and concluded Petitioner had failed to demonstrate ineffective assistance of

15

counsel.  Nothing in the record shows that Petitioner's alleged mental condition had any impact on his underlying conviction or his collateral state court proceedings.

The record does not support the argument that Petitioner's alleged mental condition prevented him from filing a habeas corpus action in this Court within the applicable statute of limitations.  Of note, the Petition and Declaration focus on metal health issues at the time of Petitioner's conviction and his "initial period of incarceration."  ECF Nos. 1 at 13 (alleging "Petitioner was incompeten[t] at the time of his guilty plea"); 20 at 2.  There is, however, no allegation or evidence regarding the severity of any mental health issues during the relevant time when the statute of limitations was running.  Indeed, Petitioner has not even identified a diagnosed mental condition for which he should have received treatment.  Finally, nothing in the record establishes that Petitioner pursued his rights diligently between September 28, 2020, when the limitations period began to run after the judgment in Petitioner's first PCR action became final, and November 7, 2024, when Petitioner filed this action, or that Petitioner could not diligently pursue his rights because of mental incompetence.

By Order dated June 6, 2025, Petitioner was instructed to file documentary evidence, to include medical and mental health records.  ECF No. 22.  However, Petitioner has failed to provide any evidence whatsoever regarding his mental health condition.  *See Phillips*, 2024 WL 4276116, at *5 ("despite additional time granted by the Magistrate Judge to gather and present the same kind of evidence—and after learning about its importance to his claims as early as 2018—Petitioner has failed to make this showing"); *Love*, 2024 WL 1916692, at *4 ("Petitioner has not produced any evidence that he is, or for the last twenty-five plus years, has been severely mentally ill."); *Chandler*, 2024 WL 1623103, at *2 ("[Petitioner] has not provided any evidence that he was or is severely mentally ill.").

16

Petitioner's conclusory assertions that he suffers from a mental condition, without any supporting evidence or an indication that such a mental condition had a bearing on Petitioner's underlying state court proceedings or the present federal court proceedings, are insufficient to show the type of "extraordinary circumstances" discussed in *Justus*.  Accordingly, Petitioner has not established grounds for equitable tolling.

## **RECOMMENDATION**

Accordingly, it is recommended that this action be **DISMISSED** without requiring the Respondent to file an answer or return.

s/William S. Brown
United States Magistrate Judge

July 9, 2025
Greenville, South Carolina

***Petitioner's attention is directed to the important notice on the next page.***

17

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).